In the Matter of the Compulsory Judicial Settlement of the Estate of William N. Slater, Deceased.— The order is sufficiently clear. If the meeting is not called at the instance of the appellant, she is not restrained from voting, if she be otherwise so entitled, upon the stock. In due course the decree of the surrogate upon the accounting may be entered by the time of the March meeting. Motion denied, without costs. Present — Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ.

In the Matter of the Application of Robert H. Wilson, an Attorney. In the Matter of the Charges against Robert H. Wilson, an Attorney.—Order of references made to the Hon. George C. Holt, in place of the Hon. John Clinton Gray, resigned. Present — Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ.

John Klein, as Trustee in Bankruptcy, etc., Appellant, v. Samuel Gallin and Others, Defendants. Louis Grossman and Another, Respondents.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Jenks, P. J., Burr, Thomas and Rich, JJ.

Luigi Cuoco and Mariangela Cuoco, Respondents, v. Classon Building Company and James C. Danzilo, Appellants.— Judgment modified by striking therefrom the word "fraudulent," and as so modified affirmed, with costs. The ninth and tenth findings of fact are reversed, and it is found: *Ninth.* That in the year 1911 the defendant James C. Danzilo procured plaintiffs to sign a deed under seal purporting to convey the premises aforementioned to the Classon Building Company, which deed was dated July 15, 1911, and recorded in the office of the register of the county of Kings in liber 3317 of Conveyances, page 100, on August 28, 1911, in section 7, block 1896. *Tenth.* That the defendant Danzilo understood that the deed was in the nature of a mortgage, and procured it to effectuate the payment of interest on the mortgages and taxes; but he did not cause plaintiffs to understand his purpose, and the minds of the parties did not meet in the execution and delivery of the deed. The first conclusion of law is modified so as to read as follows: "That the deed mentioned in finding ninth is void." No opinion. Jenks, P. J., Burr, Thomas, Rich and Putnam, JJ., concurred. Order to be settled before Mr. Justice Thomas.

Ann Dunn, as Administratrix, etc., of Thomas Dunn, Deceased, Respondent, v. Eppinger & Russell Company, etc., Appellant.— Judg-